IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>           **Plaintiff,**<br><br>v.<br><br>SUPERVALU, INC., a Delaware corporation, and JEWEL-OSCO, an operating unit of SUPERVALU, INC.,<br><br>           **Defendant.** | Civil Action No.<br><br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action against SUPERVALU INC., a Delaware Corporation, and Jewel-Osco, an operating unit of SUPERVALU, INC. (Defendant) under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Patricia Scheid.  Plaintiff, Equal Employment Opportunity Commission, alleges that Defendant failed to provide Scheid with a reasonable accommodation for her disability as to breathing.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e-5(f) (1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the Northern District of Illinois.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, which is engaged in the business of selling groceries, over-the-counter and prescription drugs, and other items, has continuously been and is now a corporation doing business in the State of Illinois and has continuously had and does now have at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

7. At all relevant times, Patricia Scheid was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. §12111(8).

## STATEMENT OF CLAIMS

8. More than thirty (30) days prior to the institution of this lawsuit, Scheid filed a Charge of Discrimination with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. In 2005 Defendant engaged in an unlawful employment practice at its facility at 3153

2

W. 183rd Street in Homewood Illinois in violation of Title I of the ADA, 42 U.S.C. §12112(a) and §12112(b)(5)(A), by failing to provide Scheid a reasonable accommodation for her disability.

10. The effect of the practices complained of above has been to deprive Scheid of equal employment opportunities and otherwise adversely affect her status as an employee because of her status as a disabled person in violation of Title I of the ADA, 42 U.S.C. §12112.

11. The unlawful employment practices complained of in Paragraphs 9 and 10 above were intentional.

15. The unlawful employment practices complained of in Paragraphs 9 and 10, were done with malice and/or reckless indifference to the federally protected rights of Scheid.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability;

B. Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Scheid by providing compensation for pecuniary losses resulting from the unlawful employment practices described in paragraphs 9 and 10.

D. Order Defendant to make whole Scheid by providing compensation for non pecuniary losses resulting from the unlawful employment practices described in paragraphs 9 and 10 above, including but not limited to, emotional pain, suffering, loss of enjoyment of life and humiliation, in an amount to be determined at trial;

E. Order Defendant to pay Scheid punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial;

F.     Grant such further relief as the Court deems necessary and proper; and

G.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Washington, D.C.


/s/John C. Hendrickson
John C. Hendrickson
Regional Attorney


/s/Gregory Gochanour
Gregory Gochanour
Supervisory Attorney


/s/Gordon Waldron
Gordon Waldron
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
CHICAGO DISTRICT OFFICE
500 West Madison Street. Suite 2000
Chicago, Illinois 60661
(312) 353-7525
gordon.waldron@eeoc.gov