```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 09 C 5504 ) |
| **SUPERVALU, INC., a Delaware Corporation, and JEWEL-OSCO, an operating unit of SUPERVALU, INC.,** | ) ) ) ) ) |
| Defendants. | |

### MEMORANDUM OPINION AND ORDER

The Equal Employment Opportunity Commission ("EEOC" or "the Commission") filed suit against Supervalu and Jewel-Osco (together, "the defendants"), alleging that they failed to provide Patricia Schied ("Schied") with a reasonable accommodation in violation of Title I of the Americans with Disabilities Act of 1990("ADA"), 42 U.S.C. §12101 *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The defendants have moved to dismiss the complaint on the ground that the EEOC failed to make a sufficient effort to resolve the dispute through informal conciliatory means prior to initiating the instant suit. The defendants also contend that the complaint must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Commission has failed to adequately allege a cause of action under the ADA.

For the reasons explained below, I deny the defendants' motion insofar as it is based on the EEOC's alleged failure to engage in

good-faith conciliation efforts; however, I grant the defendants' motion to dismiss insofar as it is predicated on Rule 12(b)(6). The Commission is given twenty days from the date of this order to file an amended complaint.

## I. Conciliation

The defendants' first argument for dismissal is based on the claim that the EEOC failed to make a proper attempt to resolve the dispute informally through conciliation before filing this suit. I disagree.

The EEOC is statutorily required to attempt conciliation with employers when it finds reasonable cause to believe that they have engaged in discrimination. *See* 42 U.S.C. § 2000e-5(b) ("If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion."); *see also E.E.O.C. v. Prudential Fed. Sav. & Loan Ass'n*, 763 F.2d 1166, 1170 (10th Cir. 1985); *E.E.O.C. v. Keco Indus., Inc.*, 748 F.2d 1097, 1102 (6th Cir. 1984); *EEOC v. First Midwest Bank, N.A.*, 14 F. Supp. 2d 1028, 1031 (N.D. Ill. 1998).[1]

---

[1] The Seventh Circuit has not specifically addressed the standard that district courts should use in reviewing the sufficiency of the EEOC's conciliatory efforts. There is no general agreement among the courts on the issue. *See, e.g.*, *E.E.O.C. v. California Teachers' Ass'n*, 534 F. Supp. 209, 212-13 (N.D. Cal. 1982) ("The courts have interpreted the provisions creating this duty as requiring that the EEOC make a good faith

The defendants complain that instead of approaching them with a set of terms and conditions, the Commission simply invited them to submit a settlement proposal. The defendants further claim that the Commission rejected their offer for no good reason. Moreover, they contend that "[i]nstead of making a good faith effort to conciliate Schied's charge . . . the EEOC simply lumped it in with a number of other charges for which reasonable cause determinations had been issued and insisted that the [defendants] enter into a global settlement in the millions of dollars." Defs' Mot. to Dismiss at 2. According to the defendants, the EEOC took this tack "despite the fact that the other charges are unrelated to Schied's charge, do not share any common nucleus of facts, and involve different locations, managers, employees and adverse employment

---

effort to achieve conciliation prior to bringing suit. There is some disagreement as to the proper role of a district court in determining whether such a good faith effort has been made."); *see also E.E.O.C. v. Hugin Sweda, Inc.*, 750 F. Supp. 165, 166 (D.N.J. 1990). Some courts have taken a highly deferential stance, holding that the "form and substance of the EEOC's conciliation proposals are within the discretion of the EEOC and are not subject to judicial second-guessing." *Keco Indus., Inc.*, 748 F.2d at 1102; *E.E.O.C. v. Acorn Niles Corp.*, No. 93 C 5981, 1995 WL 519976, at *6 (N.D. Ill. Aug. 30, 1995). Other courts have outlined specific requirements that must be fulfilled in order for the EEOC's conciliation efforts to be acceptable. *See, e.g., E.E.O.C. v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1259 (11th Cir. 2003) ("To satisfy the statutory requirement of conciliation, the EEOC must (1) outline to the employer the reasonable cause for its belief that Title VII has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer.") (citations omitted). My conclusion here would be the same under either standard.

actions." *Id*.

For several reasons, I find the defendants' argument unpersuasive. As an initial matter, the parties have attached exhibits to their briefs to support their factual claims regarding the nature and extent of the EEOC's conciliation efforts. The Commission argues that I may not take these materials into consideration without converting the defendants' 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. The Commission further claims that I may not consider the motion as one for summary judgment "because it has not been properly filed as such." Defs' Resp. at 4-5. Consequently, the Commission contends that the defendants' motion fails.

In response, the defendants suggest that I am permitted to examine documents outside the pleadings since the conciliation requirement is a jurisdictional prerequisite. By challenging the EEOC's compliance with the requirement, the defendants claim that they have presented a challenge to the court's jurisdiction over the matter. Under Rule 12(b)(1), they point out, the court may look beyond the pleadings without converting the proceeding to a motion for summary judgment. Alternatively, the defendants maintain that I may examine facts beyond the pleadings by deeming their motion as a request that proceedings be stayed until the EEOC has undertaken a proper attempt at conciliation.

It is unnecessary to address these issues here, however,

because my ruling would be the same regardless of whether I were permitted to take account of the additional materials submitted by the parties. For one thing, the record before me is too indefinite and uncertain to allow me to meaningfully review the adequacy of the Commission's conciliation efforts. The parties do not clearly indicate whether there are any issues of factual dispute between them. Nor am I confident that the parties have provided me with enough information to accurately assess the adequacy of the Commission's attempts at conciliation. For example, while the defendants have submitted various letters that they exchanged with the Commission pertaining to the resolution of Schied's case, it is unclear whether these documents represent the complete correspondence between the parties. It is also unclear whether other documents besides the parties' correspondence might be relevant to assessing the Commission's conciliation efforts. For its part, the EEOC attaches only a single one-page affidavit, which states that the "Defendants offered to settle the Schied Charge on March 17,2009 for $10,000," EEOC Resp. Br., Ex. A (Aff. of Luis Rodriguez, ¶ 2), and that the "EEOC did not demand millions of dollars to settle that Charge or other Charges or groups of Charges against Defendants." *Id.* ¶ 3. In short, I am not in a position to adjudge the Commission's efforts on such an indeterminate and spare record.

Yet even if, as the defendants request, I were to decide the

motion based on the materials that the parties have submitted, I still would deny the defendants' motion. While the defendants contend that the EEOC peremptorily rebuffed their offer, the evidence, such as it is, suggests otherwise. In its correspondence with the defendants, the EEOC clearly informed the defendants that if they wished to engage in the conciliation process, they should submit a proposal to EEOC within fourteen days. *See* Defs.' Mot. to Dismiss, Ex. 2 (Letter from John P. Rowe, 12/13/07) ("If Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so at this time by proposing terms for a conciliation agreement; that proposal should be provided to the Commission representative within 14 days of the time of the date of this determination."). The letter repeats the same information just a few lines later, and adds the specific admonition that if the defendants fail to comply, the Commission "may conclude that further conciliation efforts would be futile or nonproductive." *Id.* ("Should Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission representative. Should there be no response from Respondent in 14 days, we may conclude that further conciliation efforts would be futile or nonproductive."). Despite this clear warning, the defendants did not submit their proposal until nearly two years later, on March 17, 2009.

Nor was untimeliness the Commission's only reason for rejecting the defendants' proposal. For example, the EEOC contends that the defendants' offer of $10,000 was unreasonably low in comparison with the amount that might have been recovered if it were to succeed at trial (which the Commission estimated at $300,000 plus pecuniary and compensatory damages). The Commission additionally states that it also rejected the defendants' offer because they included no promise to try to accommodate workers with Schied's disability in the future.

Under these circumstances, I cannot say that the EEOC failed to carry out its obligation to engage in good-faith conciliation efforts. The EEOC invited the defendants to engage in the conciliation process. However, the defendants responded long after the deadline indicated by the Commission. And when the defendants finally did respond, their offer was underwhelming.

For these reasons, I deny the defendants' motion to dismiss to the extent that it is based on the alleged inadequacy of the EEOC's conciliation efforts.

## II. Rule 12(b)(6)

The defendants next argue that EEOC's complaint must be dismissed pursuant to Rule 12(b)(6) because it fails to adequately state a claim under the ADA. I agree.

In assessing a defendant's motion to dismiss under Rule 12(b)(6), I must accept all well-pleaded facts in the complaint as

true and view all allegations in the light most favorable to plaintiff. *See, e.g.*, *McMillan v. Collection Prof'ls*, 455 F.3d 754, 758 (7th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (citations, quotation marks, and brackets omitted). "[I]t is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief by providing allegations that raise a right to relief above the speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007)(citations and quotation marks removed).

The ADA "prohibits 'discrimination against a qualified individual with a disability because of the disability of such individual in regard to . . . terms, conditions, and other privileges of employment.'" *Filar v. Bd. of Educ. of City of Chicago*, 526 F.3d 1054, 1066 (7th Cir. 2008) (quoting 42 U.S.C. § 12112(a)) (brackets omitted). Thus, in order "[t]o make out a claim under the ADA, an individual must show: 1) that she is disabled; 2) that she is otherwise qualified to perform the essential functions of the job with or without reasonable

accommodation; and 3) that the employer took an adverse job action against her because of her disability or failed to make a reasonable accommodation." *Stevens v. Illinois Dept. of Transp.*, 210 F.3d 732, 736 (7th Cir. 2000) (citing 42 U.S.C. §§ 12111-12).

The defendants claim that the EEOC has failed to allege the second of these elements: namely, that Schied is "otherwise qualified to perform the essential functions of the job with or without reasonable accommodation." As they point out, the Commission's complaint merely states that "[a]t all relevant times, Patricia Scheid [sic] was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. §12111(8)." Compl. ¶ 7. Not only does this allegation fail to assert that Schied was qualified to perform the essential functions of the job with or without reasonable accommodation, it is also precisely the type of conclusory, formulaic assertion that was disapproved by *Twombly*.

The EEOC cites a number of cases purporting to show that its complaint passes muster under Rule 8. These arguments are unpersuasive. Indeed, some of the Commission's cases actually recoil against its position. For example, the Commission cites *E.E.O.C. v. Concentra Health Services* in support of its claim that "following *Twombly*, the Seventh Circuit reaffirmed its previous holdings that a plaintiff sufficiently states a claim for employment discrimination when he alleges that the employer took a

specific adverse employment action against him because of a prohibited animus." Resp. Br. at 2. The Commission misreads *Concentra*. There, the court acknowledged Seventh Circuit precedent stating "that a plaintiff alleging employment discrimination on the basis of race, sex or some other factor *governed by 42 U.S.C. § 2000e-2* may allege the defendant's intent quite generally." *Concentra*, 496 F.3d at 781 (emphasis added). Notably, however, discrimination on the basis of disability is *not* among the factors governed by 42 U.S.C. § 2000e-2. Moreover, Concentra was addressing the specificity with which a defendant's discriminatory *intent* must be alleged in employment discrimination cases. Here, however, the question is not whether the EEOC has alleged the defendants' intent to discriminate with enough specificity; instead, it is what a complaint must say in order to adequately allege that a person is a "qualified individual with a disability" under the ADA.

Indeed, when examined more closely, *Concentra* undermines the EEOC's position. In *Concentra*, the EEOC filed suit on behalf of an employee who claimed that he had been fired in retaliation for reporting a sexual affair between his superior and another employee. *Concentra*, 496 F.3d at 775. The district court held that the complaint failed to state a claim because favoring a subordinate as a result of a sexual relationship did not, without more, constitute a violation of Title VII. *Id.* The EEOC then

-10-

filed an amended complaint, this time couching the offending conduct in much more generic terms, asserting merely that "[s]ince at least 2001, Defendant has engaged in unlawful employment practices at its Elk Grove location, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a)," and that "[s]uch unlawful employment practices include, but are not limited to, retaliating against Horn after he opposed conduct in the workplace that he objectively and reasonably believed in good faith violated Title VII." *Id.* at 776.

The district court dismissed the complaint again, and the Seventh Circuit affirmed the dismissal on the ground that the Commission had failed to describe the offending conduct with enough factual specificity. As the court observed, "[p]recedent confirms that a plaintiff like the EEOC alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected. *Id.* at 781.

Although the retaliation claim at issue in *Concentra* was different from the one at issue here, the underlying point is the same: just as, in the retaliation context, a complaint must provide some factual basis for its assertion that an employee's conduct is protected, a complaint asserting discrimination under the ADA must provide some allegation or allegations specifically indicating that the plaintiff is qualified to perform the essential functions of

-11-

the job with or without reasonable accommodation. Since the Commission's complaint fails to do this, it must be dismissed.[2]

Similarly, the EEOC's reliance on *Mounts v. United Parcel Serv. of Am., Inc.*, No. 09 C 1637, 2009 WL 2778004 (N.D. Ill. Aug. 31, 2009), is unpersuasive. The plaintiffs in *Mounts* were retired United Parcel Service ("UPS") employees who helped investigate discrimination charges brought by various current UPS employees. The plaintiffs were later dropped from UPS's group health insurance plan. As a result, they filed suit against the UPS under the ADA

---

[2] The Commission's reliance upon *Tamayo v. Blagojevich*, 526 F.3d 1074 (7th Cir. 2008), is equally misplaced. There, the complaint included much more factual detail than the Commission's complaint here. Specifically, the plaintiff in *Tamayo*:

> alleged that she is a female. She alleged facts regarding her promised and actual salary, as well as the salaries of other similarly situated male employees. She stated her belief that she was paid less than the similarly situated male employees both "because she was a woman and because she was 'not cooperating' with the Governor's Office and the IDOR in their attempts to control the IGB." She further alleged that she "has been subjected to adverse employment actions by Defendants on account of her gender," and she listed specific adverse employment actions. She stated that "Defendants have treated Plaintiff differently than similarly situated male employees and exhibited discriminatory treatment against Plaintiff in the terms and conditions of her employment on account of Plaintiff's gender." Finally, she stated that she filed two EEOC charges alleging sex discrimination and that she was issued a right-to-sue notice.

*Id.* at 1085. Hence, the fact that *Tamayo* survived a motion to dismiss in no way suggests that the EEOC's complaint here should survive.

as well as the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and other statutes. The UPS moved to dismiss the claims, alleging that they had not been sufficiently pled.

The Commission correctly points out that the plaintiffs in *Mounts* were found to have adequately stated an *age discrimination* claim under the ADEA by alleging that they were over forty years old and that they had been found ineligible for participation in the employer's health plan. *Mounts,* 2009 WL 2778004 at *5. The EEOC neglects to mention, however, that the court also held that the plaintiffs had *failed* to allege a discrimination claim under the *ADA. Id.* at *5-6. The court noted that "although Mounts and Katarzynski each claim that UPS found them ineligible to participate in the Plan because of their disabilities, neither Mounts nor Katarzynski have alleged that they suffer from an impairment, let alone an impairment that substantially limits their ability to perform a major life activity." *Id.* at *6. Once again, the same is true here: just as the plaintiffs in *Mounts* were required to allege that they had impairments specifically recognized under the ADA, the EEOC here is required specifically to allege (in a non-conclusory, non-formulaic fashion) that Schied was qualified to perform the essential functions of the job with or without reasonable accommodation

Lastly, the EEOC points to the fact that the Seventh Circuit's decision in *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998), which

underscored the minimal nature of Rule 8's pleading requirements, remains good law after *Twombly*. In *Bennett*, the court held that "'I was turned down for a job because of my race' is all a complaint has to say" in order to satisfy Rule 8's pleading requirements. *Id.* at 518. As a result, the Commission argues that, by analogy, it was unnecessary for it to plead anything more than that Schied was a qualified individual with a disability for purposes of the ADA.

However, the disability discrimination claim at issue here is very different from the racial discrimination claim at issue in *Bennett*. In fact, *Concentra* specifically warned against assimilating all discrimination claims to the racial discrimination claim at issue in *Bennett*. Writing for the court in that case, Judge Cudahy explained:

> The simple allegation of racial discrimination described in *Bennett* is factually richer than the empty assertion of Title VII retaliation here. People have reasonably clear ideas of how a racially biased person might behave, and a defendant responding to an allegation of racial bias can anticipate the sort of evidence that may be brought to bear and can investigate the claim (by inquiring if any decision-making employees have a background of making racially insensitive comments and the like). An allegation of retaliation for some unspecified act does not narrow the realm of possibility nearly as much. Further, once a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim. Requiring a more detailed complaint in Bennett would have replicated the inefficient chase for facts decried in *Bennett* and *Dioguardi*.

*Concentra*, 496 F.3d at 782.

These remarks apply with equal validity here: charges of racial discrimination differ in critical ways from charges of disability-based discrimination. *See, e.g.*, *Barth v. Gelb*, 2 F.3d 1180, 1186 (D.C. Cir. 1993) ("Unlike a person's race, an employer may legitimately take a handicap into consideration in determining whether an applicant or employee is qualified for a particular position. Thus, while an agency would never admit to basing an employment decision on race, agencies frequently acknowledge that they have taken a person's handicap into consideration."); *Weed v. Evanston Hosp. Corp.*, No. 96 C 7660, 1998 WL 852893, at *5 (N.D. Ill. Dec. 4, 1998) ("The ADA and ADEA requires employers to hire and retain workers solely on the basis of their capabilities. Under certain circumstances, age and a disability can impede productivity, and employers can legitimately consider this fact so long as the employee's individual capabilities -- not their status per se -- is the determining factor for their retention or hiring.") (citing *Davidson v. Midelfort Clinic Ltd.*, 133 F.3d 499 (7th Cir. 1998); *see also* S. Elizabeth Wilborn Malloy, *Something Borrowed, Something Blue: Why Disability Law Claims Are Different*, 33 Conn. L. Rev. 603 (2001) ("Disabilities, unlike race, often have a direct impact on a person's ability to perform certain jobs. Therefore, unlike race, disability is frequently a legitimate consideration in employment decisions.").

Because disability, unlike race, can often be a legitimate

consideration in employment decisions, a complaint alleging discrimination under the ADA must plead with adequate specificity that the plaintiff is qualified to perform the essential functions of the job with or without reasonable accommodation. *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) ("A complaint must always . . . allege enough facts to state a claim to relief that is plausible on its face, and how many facts are enough will depend on the type of case.") (citations and quotation marks omitted). Since the EEOC's complaint lacks such specificity, I grant the defendants' motion to dismiss.[3]

In its response brief, the EEOC asserts that it should be allowed to file an amended complaint under Federal Rule of Civil Procedure 15 in the event that its complaint should be found deficient. I agree. The Commission may file an amended complaint within twenty days of the date of this order.

### III.

For the reasons explained above, I deny the defendants' motion to dismiss or stay the case based on the EEOC's alleged failure to make sufficient conciliatory efforts to resolve the dispute prior to resorting to litigation. However, I grant the defendants' motion to dismiss the Commission's complaint pursuant to Rule

---

[3] The same reasoning applies to *E.E.O.C. v. Scrub, Inc.*, No. 09 C 4228, 2009 WL 3458530 (N.D. Ill. Oct. 26, 2009), another racial discrimination case cited by the Commission in response to the defendants' Rule 12(b)(6) argument.

12(b)(6). The Commission shall have twenty days from the date of this order to amend its complaint.

                                **ENTER ORDER:**

                                _____
                                **Elaine E. Bucklo**
                                United States District Judge

Dated: December 15, 2009