H H N

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>SUPERVALU, INC., a Delaware corporation, )<br>and JEWEL-OSCO, an operating unit of )<br>SUPERVALU, INC., )<br>)<br>)<br>Defendants. )<br>) | Civil Action No. 09-cv-5504<br><br>Judge Bucklo<br>Magistrate Judge Valdez |

## CONSENT DECREE

The Equal Employment Opportunity Commission (hereafter the "Commission" or the "EEOC") filed this action against Supervalu, Inc. and Jewel-Osco under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991. EEOC alleged that Defendants failed to reasonably accommodate Patricia Schied's ("Schied") breathing disability at it store located at 3153 W. 183rd St. in Homewood, IL, 60430. Appearances have been filed on behalf of Defendants Supervalu, Inc. and American Drug Stores, LLC, and they have filed a Notification of Affiliates advising that American Drug Stores, LLC, is a wholly owned entity of American Stores Company, LLC; which is a wholly-owned entity of New Albertson's Inc; which is a wholly owned entity of Supervalu, Inc.

No party admits the claims or defenses of an opposing party.

The parties have determined to finally resolve this action through the entry of this Consent Decree.

### Findings

Having carefully examined the terms and provisions of this Consent Decree, the Court finds the following:

1. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section 706(f) (1) and (3) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f) (1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. This Court has jurisdiction over the parties.

3. The terms and provisions of this Consent Decree are adequate, fair, reasonable, equitable and just. This Consent Decree resolves all claims alleged by the EEOC in its Complaint. The rights of the parties, Schied, and the interests of the public are adequately protected by this Consent Decree.

4. This Consent Decree conforms to the Federal Rules of Civil Procedure and the ADA, and is not in derogation of the rights and privileges of any person. The entry of this Consent Decree will further the objectives of the ADA.

WHEREFORE, upon the consent of the parties, IT IS ORDERED, ADJUDGED AND DECREED:

### Injunction against Failure to Accommodate

5. Defendants and their managers, supervisors, officers, and directors are enjoined from failing to provide reasonable accommodations pursuant to Title I of the Americans with Disabilities Act of 1990 ("ADA") at the Jewel-Osco store located at 3153 W. 183rd St. in Homewood, IL, 60430.

### Non-Retaliation

6. Defendants and their managers, supervisors, officers, and directors are enjoined from engaging in any form of retaliation against any person because such person has opposed any practice at the Jewel-Osco store at 3153 W. 183rd St. in Homewood, Illinois made unlawful under the ADA; filed a Charge of Discrimination under the ADA with regard to actions at that store; testified or participated in any manner in any investigation, proceeding, or hearing under the ADA in regard to that store; or asserted any rights under this Consent Decree.

### Posted Notice

7. Within 10 days after this Consent Decree is entered, and continuously for the duration of this Consent Decree, Defendants shall conspicuously post the Notice attached as Exhibit A on a bulletin board used for notices to employees at the store at 3153 W. 183rd St. in Homewood, Illinois Within 20 calendar days after entry of this Consent Decree, Defendants shall certify to the EEOC in writing that the notice has been posted.

### Monetary Relief

8. Within ten days after receipt of the Release, attached as Exhibit B, signed by Patricia Schied, and the entry of this Decree, whichever is later, Defendants shall pay Patricia Schied $35,000 by check. That amount shall be considered damages, and there shall be no withholding from that amount. Contemporaneously, they shall furnish to EEOC a copy of such check

9. The parties shall bear their own costs and attorneys fees.

### Training

11. Within 45 days of the entry of this Decree the former manager at the store at 3153 W. 183rd St. in Homewood, Illinois, Joe Stariha, shall receive training on the employment provisions of the ADA from in-house counsel at Supervalu, Inc. using materials prepared by the law firm of Morgan, Lewis & Bockius.

12. Defendants shall certify to the EEOC in writing within five business days after the training has occurred that the training has taken place and that the required personnel has attended. Such certification shall include the date, location and duration of the training.

### Record Keeping

13. For the duration of this Consent Decree, Defendants shall maintain, and make available for inspection and copying by the EEOC, upon reasonable notice, records, including the name, address, and telephone number, of each employee at the store at 3153 W. 183rd St. in Homewood, Illinois who requests an accommodation under the ADA, the date and substance of the request, the date of any decision on the request, the substance of the decision, including whether the request was granted, and if not, why.

14. Defendants shall make all documents or records referred to in Paragraph 13 above available for inspection and copying within ten business days after the EEOC so requests.

### Reporting

15. Defendants shall furnish to the EEOC a written report every 6 months after the entry of this Consent Decree, for the duration of the decree, with the last report due at the end of the 17th month as to requests for accommodation, referred to in Paragraph 13. Each such report shall contain the name and address of each employee at the store at 3153 W. 183rd St. in Homewood, Illinois who, in the

last six months (or five months for the last report) requested an accommodation under the ADA. Such reports shall also state for each such employee, the date and substance of the request, the date of any decision on the request, the substance of the decision, including whether the request was granted, and if not, why. If no employee made such a request, an officer of each Defendant shall submit a signed statement so stating. Each report shall also contain a statement signed by an officer of each Defendant that the Notice required to be posted in Paragraph 7, above, remained posted during the entire six month period preceding the report (or five months for the last report).

### Duration

16. This Consent Decree shall be in effect for the period of 18 months during which time the Court shall retain jurisdiction of the parties and of this action for the purpose of enforcing the provisions of this Consent Decree.

### Enforcement

17. Defendants shall allow EEOC reasonable access to the facility at 3153 W. 183rd St. in Homewood, Illinois to verify compliance with paragraph 7 hereof. Defendants shall also make available on 10 business days notice their management personnel whom the EEOC requests to interview for purposes of verifying compliance with this Decree. Defendants shall require personnel within its employ whom the EEOC requests for purposes of verifying compliance with this Decree to cooperate reasonably with the EEOC and to be interviewed.

### Dispute Resolution

18. If the EEOC has reason to believe that Defendants are not complying with this Consent Decree, the EEOC shall so notify them in writing. Defendants will then have 10 business days in which to achieve compliance or to satisfy the EEOC that there has been no non-compliance; if Defendants do neither, the EEOC shall have the right to apply to the Court for appropriate relief. If

Defendants fail to pay the monetary amount specified above within the time provided in paragraph 8, the EEOC may apply directly to the Court for appropriate relief.

### Miscellaneous Provisions

19. The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, successors and assigns of Defendants. Defendants, and any successor(s) of them, shall provide a copy of this Consent Decree to any organization or person who proposes to acquire or merge with either Defendant, or any successor of either Defendant, or purchase the facility at 3153 W. 183rd St. in Homewood, Illinois, prior to the effectiveness of any such acquisition, merger or sale. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

20. When this Consent Decree requires the submission by Defendants of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to Gordon Waldron, Equal Employment Opportunity Commission, and 500 West Madison Street, Suite 2800, Chicago, Illinois, 60661. When this Decree requires submission by the EEOC of materials to Defendants, they shall be mailed to Morgan, Lewis & Bockius LLP, and attention: Thomas F. Hurka.

21  If any provision of this Consent Decree is found to be unlawful, only the specific provision in question shall be affected and all other provisions will remain in full force and effect.

22. This Consent Decree may be executed in counter-parts, and authentic facsimile signatures shall be deemed to be original signatures for all purposes.

Approved for Plaintiff EEOC

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
1801 L Street N.W.
Washington, D.C. 20507

_____
JOHN C. HENDRICKSON
Regional Attorney

_____
Gregory Gochanour
Supervisory Attorney

_____
Gordon Waldron, Senior Trial Attorney
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2800
Chicago, Illinois 60661 (312) 353-7525

_____
Attorney for Defendants
Thomas F. Hurka
Stephanie L. Sweitzer
Stephanie M. Christiansen-LaRocco
Morgan, Lewis & Bockius, LLP
77 West Wacker Drive
Chicago, IL 60601

ENTERED AND ORDERED THIS _16_ DAY OF _June_, 2010

_____
Judge Bucklo

## EXHIBIT A
## NOTICE TO EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") titled *EEOC v. Supervalu, Inc. etc,* No. 09-cv-05504 (N.D. ILL.).

In its suit, the EEOC alleged that Defendants failed to reasonably accommodate an employee's disability at the Jewel-Osco Store located at 3153 W. 183rd St. in Homewood, Illinois.

No party admits the claims or defenses of an opposing party.

To resolve the case, EEOC and Defendants have entered into a Consent Decree in regard to the above store which provides that:

1)  Defendants will pay a monetary amount to a former employee.

2)  Defendants will provide reasonable accommodations to disabled employees.

3)  Defendants will not retaliate against any person because (s)he opposed any practice made unlawful by the ADA, filed an ADA charge of discrimination, participated in any ADA proceeding, or asserted any rights under the Consent Decree.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 353-2713. The EEOC charges no fees and has employees who speak languages other than English.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for 18 months from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Supervalu (Homewood) Settlement, EEOC, 500 West Madison Street, Suite 2000, Chicago, IL 60661 (312) 353-7525.**

6-16-10
Date

_____
Judge Bucklo

## **EXHIBIT B**

## **RELEASE AGREEMENT**

I, Patricia Schied, for and in consideration of the sum of $ 35,000 payable to me by Supervalu, Inc. and American Drug Stores, LLC, pursuant to the terms of the Consent Decree entered by the Court in *EEOC v. Supervalu, Inc. etc,* No. 09-cv-05504 (N.D. ILL.), hereby waive my right to recover for any claims of discrimination under the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, that I had against Supervalu, Inc., American Drug Stores, LLC, and their predecessors, prior to the date of this release that were included in the claims alleged in the EEOC's complaint in this case.

Date: _____ _____

Patricia Schied